NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Jay Parrino and The Mint, L.L.C., <br><br>       Plaintiffs, <br><br>  v. <br><br>Mark Swift, individually; Ralph DeLuca, individually; Pieces of the Past, Inc.; Cinema Archives, Inc.; Culver Pictures, Inc.; Ken Regan, individually; Harriet Culver, individually; John Does 1 to 5; and ABC Corporations 6-10; <br><br>       Defendants. | CIVIL ACTION NO. 06-0537 (DRD-SDW) <br><br> **OPINION** |

NORRIS, McLAUGHLIN & MARCUS, P.A.
Margaret M. Raymond-Flood, Esq.
Theodore Margolis, Esq.
721 Route 202-206
Bridgewater, New Jersey 08807
    *Attorneys for Plaintiffs*

SILLS CUMMIS EPSTEIN & GROSS P.C.
Mark Olinski, Esq.
David Dugan, Esq.
One Riverfront Plaza.
Newark, New Jersey 07102-5400
    *Attorneys for Defendants*

**DEBEVOISE, Senior District Judge**

**I. PROCEDURAL HISTORY**

Plaintiffs, Jay Parrino and The Mint, L.L.C., filed a complaint alleging that Plaintiffs

contracted to purchase certain posters, photographs, and photographic negatives valuable as collectors items through Defendants Mark Swift and Ralph DeLuca, doing business through the entities Pieces of the Past, L.L.C. and Cinema Archives, Inc. (hereinafter collectively referred to as "Defendants"). In some cases, Defendants are alleged to have kept Plaintiffs' money while retaining the goods, and in others Defendants are alleged to have misrepresented the nature of the property rights being sold, or the price actually paid to the owners of the goods, while retaining the surplus. On April 3, 2006, Defendants filed a motion to dismiss Counts 1, 2, 3, 5, 6, and 8 of Plaintiffs' complaint for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6).

## II. FACTS AS ALLEGED IN THE COMPLAINT

Plaintiffs, Jay Parrino and his company, The Mint, L.L.C., entered into four different transactions to purchase certain items valuable to collectors. The first of these was Parrino's purchase of rare movie posters ("The Poster Transaction") from Defendant Ralph DeLuca, doing business through a company known as Cinema Archives. (Compl. ¶15.) DeLuca later informed Parrino that he would be keeping some of the posters in order to linen back or restore them, while in fact DeLuca has been selling or trading several posters without Parrino's permission. (Compl. ¶¶ 16, 17.)

The second transaction ("The Culver Photograph Transaction") was between Parrino and both DeLuca and Cinema Archives and Defendant Mark Swift and his company, Pieces of the Past. Swift and DeLuca represented to Parrino that they had a special relationship with Harriet Culver, owner of a large photographic collection, and that this relationship would enable Parrino to purchase the Culver collection for $5,800,000. (Compl. ¶¶ 18, 19, 23.) In fact, Defendants

Swift and DeLuca used a third party to find Harriet Culver, and the sale price of the collection was much less than the stated $5,800,000. (Compl. ¶¶ 22, 23, 29.) In addition, many of the photographs have not been delivered to Parrino. (Compl. ¶ 28.) Also, contrary to Swift and DeLuca's representations, the price Parrino paid for the collection did not include the right to duplicate or sell duplicates of the photographs in the collection. (Compl. ¶ 39.) Swift and DeLuca also told Parrino that, as part of the purchase agreement, Parrino would have to absorb the cost of scanning the photographs in order to provide Culver with a digital copy of each photograph, and that the scanning would have to be done at a resolution of 300 dpi, while in fact, the agreement required Parrino to scan the photographs at the more accurate, and more costly, resolution of 500 dpi. (Compl. ¶¶ 33, 34, 35.) Swift and DeLuca also gave an officer of the scanning company approximately 8,000 photographs from the collection which Parrino thought he had purchased. (Compl. ¶ 38.)

The third transaction ("The Culver Negative Transaction") was an agreement by Parrino to purchase several hundred thousand photographic negatives from Culver. Parrino paid Swift and DeLuca $500,000 as a down payment (out of a total price of $4,500,000), and has only received a few negatives. (Compl. ¶¶ 42, 43,44,45.)

The fourth transaction ("The Regan Collection Transaction") was the purchase of the photographic collection of photographer Ken Regan, consisting of between 80,000 and 100,000 photographs, at a price of $1,700,000. (Compl. ¶48.) As with both Culver Transactions, Swift and DeLuca falsely represented that they had a relationship with the seller, which would enable Parrino to purchase the collection. (Compl. ¶¶ 18, 19, 20.) Parrino has not yet received many of the photographs, and Swift and DeLuca have retained a portion of the purchase price. (Compl. ¶

49.)

### III. DISCUSSION

### Standard of Review for Dismissal under Fed. R. Civ. P. 12(b)(6)

Dismissal of a complaint pursuant to Rule 12(b)(6) is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Allegations contained in the complaint will be accepted as true, Cruz v. Beto, 405 U.S. 319, 322 (1972), and plaintiff shall be "given the benefit of every favorable inference that can be drawn from those allegations." Schrob v. Catterson, 948 F.2d 1402, 1405 (3d Cir. 1991). However, plaintiff is required to make factual allegations and cannot rely on conclusory recitations of law. Pennsylvania ex rel. Zimmerman v. Pepsico, Inc., 836 F.2d 173, 179 (3d Cir. 1988).

### Count 1: Civil RICO

A plaintiff in a civil RICO action must establish that an "enterprise" existed within the meaning of 18 U.S.C. § 1961. To do this, the alleged enterprise must have (1) a framework or superstructure for making or carrying out decisions, (2) members who function as a unit with established duties, and (3) an existence separate and apart from the alleged pattern of racketeering activity. United States v. Riccobene, 709 F.2d 214, 221-24 (3d. Cir. 1983). The plaintiff need not plead the existence of these enterprise elements. Seville Indus. Machinery Corp. v. Southmost Machinery Corp., 742 F.2d 786, 789-90 (3d Cir. 1984). However, where the allegations in the pleadings negate the existence of such an enterprise, dismissal is proper. Hollis-Arrington v. PHH Mortg. Corp., Civ. Act. No. 05-2556 (FLW), 2005 WL 3077853, at *8 (D.N.J. 2005) (citing Seville, 742 F.2d at 790 n.5). Plaintiffs have alleged in paragraphs 59 and

4

60 of the complaint that Defendants are

> part of an association, in fact, along with other persons not presently known or identifiable, that beginning in or about October 2003 and for past 27 months and continuing today, share a common purpose, unity and identifiable structure, of an ongoing scheme to defraud plaintiffs and to unlawfully obtain money by means of false and fraudulent representations regarding the services they would perform for plaintiffs. This association was an "enterprise" within the meaning of 18 U.S.C. § 1961.

Plaintiffs have thus alleged that the conspiracy to defraud was the same thing as the enterprise, and the enterprise alleged thus does not have an existence separate and apart from the pattern of racketeering activity. Therefore, Plaintiffs have negated the existence of a RICO enterprise, and Count 1 must be dismissed.

## Count 2: Common Law Fraud

Defendants argue that Count 2 should be dismissed for three reasons: it is barred by the economic loss doctrine, Defendants' alleged misrepresentations are not material, and fraud has not been pleaded with sufficient particularity. The economic loss doctrine prohibits plaintiffs from recovering in tort economic losses to which they are entitled only by contract. Saltiel v. GSI Consultants, Inc., 170 N.J. 297, 310 (2002). New Jersey law does permit recovery for economic losses, however, when misrepresentations are "extraneous to the contract." Bracco Diagnostics, Inc. v. Bergen Brunswig Drug Co., 226 F.Supp.2d 557, 563 (D.N.J. 2002). A mere "subsequent failure of the promisor to do what he has promised," is not recoverable in tort. Id.

Plaintiffs though, have not alleged only "failure to deliver all of the goods as promised." Dfts' Br. at 26. With regard to the Culver Photograph Transaction, Plaintiffs have also alleged that Defendants falsely represented that there were no agreements affecting Plaintiffs' rights to the Culver collection as purchased, that Defendants misrepresented the price demanded by

Culver, and that Defendants misrepresented the resolution at which the photographs would have to be scanned, causing Plaintiffs to go to greater expense than anticipated. (Compl. ¶¶ 26, 29, 34, 35.) With regard to the Culver Negative Transaction, in addition to the Culver Photograph and Regan Collection Transactions, Plaintiffs have alleged that Defendants misrepresented their relationship with the owners of the goods, and thus convinced Plaintiffs to attempt to purchase the goods through Defendants. (Compl. ¶ 103, 104.) These actions do not constitute mere non-performance of contractual obligations, but falsehoods about facts on the basis of which Plaintiffs made the contractual arrangements they did, and thus the fraud claims are not barred by the economic loss doctrine. See Florian Greenhouse, Inc. v. Cardinal IG Corp., 11 F.Supp.2d 521, 528 (D.N.J. 1998).

  Defendants further argue that alleged misrepresentations with regard to the Culver Photograph and Regan Collection Transactions, about Defendants' relationship to Culver and Regan, are immaterial. A fact is material if "a reasonable [person] would attach importance to its existence or nonexistence in determining his course of action in the transaction in question." Strawn v. Canuso, 140 N.J. 43, 64 n.4 (1995) (quoting Restatement (Second) of Torts § 538(2) (1977)). First, it should be noted that, with regard to the Culver Photograph Transaction, Defendants are also alleged to have misrepresented the rights being sold to Plaintiffs, the price demanded by Culver, and the resolution at which the photographs would have to be scanned. (Compl. ¶¶ 26, 29, 34, 35.) However, with regard to the misrepresentations of Defendants' relationships, Plaintiffs have alleged in the complaint that Defendants made these misrepresentations with the intention that Plaintiffs would rely on them, and further have alleged that they were damaged as a result of these misrepresentations. (Compl. ¶¶ 104, 105.) Thus, Plaintiffs have alleged that they did rely on the misrepresentations, and that this reliance was

objectively reasonable is an inference that the court is obligated to make in reviewing a motion to dismiss. See Schrob, 948 F.2d at 1405. In the absence of misrepresentations about Defendants' relationship to Regan and Culver, Plaintiffs likely would not have purchased the collections at all, or would have approached Regan and Culver directly, and Defendants would never have been able to retain portions of the money Plaintiffs thought they were paying the owners to purchase the collections.

Defendants also argue that Count 2 should be dismissed for failure to comply with the requirement Fed. R. Civ. P. 9(b) that the circumstances of an alleged fraud be pleaded with particularity. The Third Circuit has explained that concentrating too much on the "'particularity' language 'is too narrow an approach and fails to take account of the general simplicity and flexibility contemplated by the rules.'" Christidis v. First Penn. Mortg. Trust, 717 F.2d 96, 100 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1298, at 407 (1969)). Furthermore, plaintiffs are "free to use alternative means of injecting precision and some measure of substantiation into their allegations of fraud." Seville Indus. Machinery Corp. v. Southmost Machinery Corp., 742 F.2d 786, 791 (3d Cir. 1984). Where, as here, Plaintiffs have specified the merchandise at issue in an allegedly fraudulent transaction, and the "nature and subject of the alleged misrepresentation[s]," Rule 9(b) is satisfied. Id. Plaintiffs' Complaint specifies that in the several transactions at issue, there were misrepresentations of prices to be paid, rights to be sold, quality of scanning required, and relationships with sellers. (Compl. ¶¶ 18, 19, 20, 23, 24, 27, 29, 32, 34, 39, 103.) Plaintiffs' Complaint also enumerates the items involved in the transactions: rare movie posters, two photographic collections, and a set of photographic negatives. (Compl. ¶¶ 15, 27, 42, 48.) Defendants' insistence that the statements made by each of them must be detailed in the Complaint is misplaced. In Saportio v. Combustion Engineering,

Inc., the Third Circuit Court of Appeals deemed inadequate a complaint alleging that "defendants *and/or persons acting under their direction and control*," made misrepresentations to "*certain . . . employees* other than plaintiffs." 843 F.2d 666, 675 (3d Cir. 1988), vacated on other grounds, 489 U.S. 1049, 109 S.Ct. 1306 (1989) (emphasis in original) (footnotes omitted). While such vagaries are not permitted, alleging that two persons, acting as part of a scheme, made specified misrepresentations to a specified person about specified merchandise is sufficient to comply with Rule 9(b). See Schiffli Embroidery Workers Pension Fund v. Ryan, Beck &Co., 1992 WL 249880 (D.N.J. 1992), "[T]he allegations describe the content of alleged misrepresentations and, by identifying specific individuals *or* particular circumstances, further identify the alleged misrepresentations at issue." (emphasis supplied).

### Count 3: Fraud under the New Jersey Consumer Fraud Act

For the reasons discussed above in relation to Count 2, the economic loss doctrine does not apply, and Plaintiffs have pleaded fraud with sufficient particularity. Defendants' remaining objection to Count 3 is that Plaintiffs have conceded that the Consumer Fraud Act is inapplicable because Parrino is a re-seller and not a consumer. Dfts' Br. at 29. While the complaint does make clear that Parrino might re-sell at least some of the purchased goods at some point, (Compl. ¶¶ 88-90), the facts alleged in the Complaint do not negate the possibility that Parrino was a consumer of some of the purchased goods. The fact that Parrino wished to pay as little as possible for the collectibles so that he could re-sell them at a maximum profit is not necessarily an admission that he specifically intended to re-sell everything, placing him outside the scope of the Consumer Fraud Act. Count 3 therefore states a claim, and will not be dismissed.

### Count 5: Tortious Interference with Prospective Economic Advantage

In order to state a claim for tortious interference with prospective economic advantage, the plaintiff must have been "in pursuit of business." Ideal Dairy Farms v. John Labatt, Ltd., 90 F.3d 737, 747 (3d Cir. 1996) (quoting Printing Mart-Morristown v. Sharp Electronics Corp., 116 N.J. 739, 751 (1987). While the complaint makes clear that Plaintiffs expected to engage in the business of reselling at least some of the goods purchased in the transactions involving Defendants, there is nothing in the complaint to show that Plaintiffs were in pursuit of this business when Defendants withheld the purchased goods or made any misrepresentations. Plaintiffs therefore have failed to state a claim for tortious interference with prospective economic advantage, and this claim will be dismissed.

**Count 6: Unjust Enrichment**

The Federal Rules of Civil Procedure specifically permit the pleading of alternative theories of relief. "A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses." Fed. R. Civ. P. 8(e)(2). Defendants cite mostly decisions for summary judgment or other later phases of litigation for the proposition that there can be no claim for unjust enrichment in the presence of a contract. The one case they cite that so held in the context of a motion to dismiss was an unpublished case, which itself cites a case in the summary judgment context in holding that a claim for unjust enrichment must be dismissed at the pleadings phase when there is a contract. See Estate of Gleiberman v. Hartford Life Ins. Co., 94 Fed. Appx. 944, 947 (3d Cir. 2004) (unpublished) (citing Suburban Transfer Service, Inc. v. Beech Holdings, Inc., 716 F.2d 220, 226-27 (3d Cir. 1983) (affirming a grant of summary judgment)). Given the non-precedential nature of the relevant cited decision, and the explicit language of Rule 8(e)(2), the Court declines

9

to dismiss at this time Count 6 for failure to state a claim upon which relief can be granted.

### Count 8: Negligent Misrepresentation

Defendants argue that Plaintiffs' claim of negligent misrepresentation, "in its entirety," is barred by the economic loss doctrine, Dfts' Br. at 34, which prohibits plaintiffs from recovering in tort economic losses to which they are entitled only by contract. Saltiel v. GSI Consultants, Inc., 170 N.J. 297, 310 (2002). For the reasons stated above, the economic loss doctrine does not apply in these circumstances. Defendants' argument that any misrepresentations were immaterial is also unconvincing for the reasons discussed above. Count 8 therefore will not be dismissed.

### IV.  CONCLUSION

For the reasons discussed above, the moving Defendants' motion to dismiss will be granted as to Counts 1 and 5, and denied as to the remaining counts. The court will enter an order implementing this opinion.

/s/ Dickinson R. Debevoise_____

DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated:        June 19, 2006